**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DALE DUPIGNY,** | |
| Plaintiff, | 2006-CV-0033 |
| v. | |
| **COLT ATLANTIC SERVICES. INC.,** | |
| Defendant. | |

TO:   Lee J. Rohn, Esq.
        Yolan C. Brow, Esq.

### ORDER REGARDING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court upon the Joint Stipulation Regarding Defendant's Motion to Compel Production of Medical Authorizations (Docket No. 39).

At issue is Plaintiff's refusal to provide Defendant with unaltered medical authorizations in the absence of a confidentiality agreement, and Defendant's objection to the scope of Plaintiff's proposed confidentiality agreement.

Defendant fails to cite the specific offending language of Plaintiff's proposed confidentiality agreement. Defendant finds the proposed agreement "exceedingly and unnecessarily broad, covering all nature of discovery in this matter rather than being limited to the plaintiff's medical records." Joint Stipulation at 3.

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Regarding Defendant's Motion to Compel
Page 2

This Court previously has held that, where a party's physical condition is a factor or element of the party's claims, no patient-physician privilege exists, pursuant to V.I. Code Ann. tit. 5 § 855. Section 855 codifies the physician-patient privilege in the Virgin Islands. However, subparagraph four (4) of said statute, provides, in pertinent part: "There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient . . . ." V.I. Code Ann. tit. 5 § 855(4) (1997). The plain meaning of the provision is that there is no physician-patient privilege *in an action* where the condition of the patient is an element or factor of the claim or defense of such patient. In other words, where the "condition" of a patient (as defined by the statute) is an element or factor of a claim or defense of that patient in a civil *action,* there is no physician-patient privilege in that *action*.

Since no physician-patient privilege exists in this matter, all Plaintiff's medical records are not privileged nor require confidential treatment. However, because alcohol and drug abuse treatment, mental health, and AIDS/HIV diagnosis and/or treatment are protected by the Health Insurance Portability and Accountability Act (HIPAA), the Court will order that such information be subject to a confidentiality agreement. The parties' confidentiality agreement shall incorporate the provisions as ordered herein.

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Regarding Defendant's Motion to Compel
Page 3

Because Plaintiff already has produced authorizations for his employment records and financial information in the absence of a confidentiality agreement, the Court finds that he has waived his claim to confidentiality by failing to make a timely objection.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion to Compel Production of Medical Authorizations (Docket No. 39) is **GRANTED**.

2. Plaintiff shall, within ten (10) days, execute unaltered medical authorizations, which may include the release of information concerning alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related condition, diagnosis, and/or treatment.

3. The parties shall, within ten (10) days, execute a confidentiality agreement in accordance with the following provisions:

    a. Access to all alcohol and/or drug abuse treatment and/or mental health and/or AIDS- or HIV-related information shall be limited to just those attorneys and support staff directly involved in preparation of this case, and counsel for Defendant shall not allow representatives of Defendant access to the information.

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Regarding Defendant's Motion to Compel
Page 4

    b.    Counsel for Defendant may reveal the alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information to the minimum number of Defendant's experts necessary to evaluate the information and prepare the case.

    c.    All alcohol and/or drug abuse and/or mental health and/or AIDS- or HIV-related information shall be kept in separate envelopes on the front of which shall be affixed a notice stating its confidential nature, and counsel for Defendant shall inform each person to whom such information is disclosed of its confidential nature and that person's duties under the Confidentiality Agreement entered in this matter.

    d.    At the conclusion of legal proceedings between the parties, counsel for Defendant shall return all alcohol and/or drug treatment and/or mental health and/or AIDS- or HIV-related information to Plaintiff.

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Regarding Defendant's Motion to Compel
Page 5

                                              ENTER:

Dated: September 11, 2007                             /s/
                                              GEORGE W. CANNON, JR.
                                              U.S. MAGISTRATE JUDGE