# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **DALE DUPIGNY,** | |
|                       **Plaintiff,** | 2006-CV-0033 |
|   v. | |
| **COLT ATLANTIC SERVICES, INC.,** | |
|                       **Defendant.** | |

TO:    Lee J. Rohn, Esq.
         Yolan C. Brow, Esq.

### ORDER REGARDING DEFENDANT'S MOTION TO COMPEL

THIS MATTER came before the Court upon Motion of Defendant Colt Atlantic Services, Inc., to Compel the Production of Settlement Agreement (Docket No. 66). Plaintiff filed an opposition to said motion, and Defendant filed a reply thereto.

The Court notes that the parties failed to submit a joint stipulation pursuant LRCi 37.2(a). Since the matter is fully briefed, in the interest of judicial economy, the Court will rule upon the papers which could be considered filed consistent with LRCi 37.2(b). However, all future discovery motions that fail to comply with the requirements of LRCi 37.2(a) will not be considered pursuant to LRCi 37.2(c).

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Regarding Defendant's Motion to Compel
Page 2

At issue is Plaintiff's refusal to produce to Defendant a copy of the settlement agreement between Plaintiff and HOVENSA, L.L.C. Defendant asserts that the settlement agreement was entered into to resolve claims brought by Plaintiff against HOVENSA, L.L.C., in Superior Court, for injuries allegedly sustained in the same incident underlying this matter. Motion at 1-2. Plaintiff declares that he need not produce the agreement because it is irrelevant and inadmissible.

Plaintiff does have the right to "pursue his claims against all joint tortfeasors until he is fully compensated." Opposition at 3. However, as Plaintiff amply demonstrates within his opposition, such recovery is to be "nonduplicative." *Id*. One of the cases cited by Plaintiff, *Estrella v. V & G Management Corp.*, 158 F.R.D. 575 (D.N.J. 1994), holds:

> The percentage of each party's fault (even settling joint tortfeasors) must be assessed . . . . The amount attributable to the settling defendant's percentage share is then subtracted from the damage award to be satisfied by the non-settling defendants. Therefore, the court which hears this action must hear from all parties regarding liability so that a fair and accurate assessment of each parties percentage share of liability can be determined, including that of [non-party joint tortfeasors]. Such a determination will ensure that the defendants sub judice are not required to contribute more than their fair share.

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Regarding Defendant's Motion to Compel
Page 3

*Id*. at 580. Clearly, the settlement amount is relevant to this matter and is admissible to determine any amount to be satisfied by Defendant in this matter. Consequently, the Court will grant Defendant's motion to compel.

Accordingly, it is hereby **ORDERED**:

1.  Motion of Defendant Colt Atlantic Services, Inc. to Compel the Production of Settlement Agreement (Docket No. 66) is **GRANTED**.

2.  Plaintiff shall, within ten (10) days from the date of entry of this order, produce to counsel for Defendant a copy of the settlement agreement between Plaintiff and HOVENSA in the matter styled *Dale Dupigny v. HOVENSA, L.L.C.*, Superior Court Case No. SX-06-CV-153.

ENTER:

Dated: March 18, 2008                    /s/
                                         GEORGE W. CANNON, JR.
                                         U.S. MAGISTRATE JUDGE