**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **DALE DUPIGNY,** | |
| **Plaintiff,** | 2006-CV-0033 |
| v. | |
| **COLT ATLANTIC SERVICES, INC.,** | |
| **Defendant.** | |

TO:  Lee J. Rohn, Esq.
     Yolan C. Brow, Esq.

### ORDER DENYING PLAINTIFF'S MEMORANDUM [sic] IN [sic] RECONSIDERATION

THIS MATTER came before the Court upon Plaintiff's Memorandum [sic] in [sic] Reconsideration of Court Order Dated March 18, 2008 (Docket No. 74). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff requests the Court to reconsider its Order Regarding Defendant's Motion to Compel (Docket No. 72), entered March 18, 2008. Plaintiff claims that "the Court erred in finding the Plaintiff was compelled to produce the confidential settlement to the non-settling Defendant." Memorandum [sic] at 8.

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Denying Plaintiff's Memorandum [sic] in [sic] Reconsideration
Page 2

**DISCUSSION**

As Defendant observes, Plaintiff's motion is untimely. Local Rule of Civil Procedure 7.3 requires motions "asking the Court to reconsider its order or decision . . . be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 7.3. The order at issue was entered March 18, 2008. Plaintiff's motion was filed April 10, 2008, clearly outside the ten (10) day requirement of the Rule. The record is void of any request by Plaintiff to extend the deadline, nor does the record reflect any extension granted by the Court. In addition, Plaintiff does not even address the untimeliness of the motion, let alone demonstrate good cause. The Court could deny the motion upon this basis alone.

Upon review of the motion and other filings of the parties and upon due consideration thereof, the Court finds that Plaintiff has not persuaded the Court that it erred or that its order requires reversal.

Plaintiff relies heavily upon *Doe v. Methacton School Dist.*, 164 F.R.D. 175 (E.D. Pa. 1995), wherein a defendant in that matter sought the disclosure of the plaintiffs' Release given in settlement of their claims against two (2) others defendants involved in the same litigation. In its opinion, the United States District Court for the Eastern District Court of

*Dupigny v. Colt Atlantic Services, Inc.*
2006-CV-0033
Order Denying Plaintiff's Memorandum [sic] in [sic] Reconsideration
Page 3

Pennsylvania discovered that many courts "require some heightened showing of relevance or need." *Id.* at 176.  The court then found that the defendant seeking the disclosure had failed to demonstrate the relevance of the Release, that the defendant there simply made a " broad assertion that the Release could lead to admissible evidence . . . without any detail or analysis . . . ." *Id.* at 176.

In contrast, in the matter at bar, Defendant demonstrated its need for disclosure of the settlement agreement to ensure that any recovery in favor of Plaintiff against it is not duplicative.  The Court found the settlement agreement ordered to be produced to be relevant to this matter and admissible.  Thus, the *Methacton School Dist.* case is distinguishable from the facts presented in the matter at bar.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Memorandum [sic] in [sic] Reconsideration of Court Order Dated March 18, 2008 (Docket No. 74) is **DENIED**.

2. The Court's Order Regarding Defendant's Motion to Compel (Docket No. 66), entered March 18, 2008, is **AFFIRMED**.

ENTER:

Dated: May 16, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE